Matthew A. Newboles (SBN 167,196)
William J. Brucker (SBN 152,551)
STETINA BRUNDA GARRED & BRUCKER
75 Enterprise, Suite 250
Aliso Viejo, CA 92656
Email: litigate@stetinalaw.com
Tel: (949) 855-1246
Fax: (949) 855-6371

Attorneys for Plaintiff
PAUL THEDE'S RACE TECH, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL THEDE'S RACE TECH, INC., a California corporation,<br><br>    Plaintiff<br><br>vs.<br><br>SPECTRUM FABRICATION, INC., a Michigan corporation doing business as RACER TECH; and DOES 1 through 5, inclusive,<br><br>    Defendants | Case No. 5:14-cv-1481<br><br>**COMPLAINT FOR:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT; AND**<br>**(2) FEDERAL UNFAIR COMPETITION;**<br><br>**DEMAND FOR JURY TRIAL** |

# COMPLAINT

Plaintiff, Paul Thede's Race Tech, Inc. avers as follows:

## PARTIES

1.   Plaintiff, Paul Thede's Race Tech, Inc. (hereinafter "Race Tech" or "Plaintiff"), is a California corporation having a principal place of business at 1501 Pomona Road, Corona, California 92880.

2. Upon information and belief, Defendant Spectrum Fabrication, Inc. (hereinafter "Spectrum") is a Michigan corporation doing business as Racer Tech having a principal place of business at 552 East 24th Street, Holland, Michigan 49423.

3. The true names and capacities, whether individual, corporate, associate, or otherwise of DOES 1-10, inclusive, are unknown to Plaintiff, who therefore sues said DOES 1-10 by such fictitious names. Plaintiff will seek leave of this Court to amend this Complaint to include their proper names and capacities when the same has been ascertained (Spectrum and DOE Defendants hereinafter "Defendants").

4. Plaintiff is informed and believes, and on that basis alleges, that Spectrum and each fictitiously named Defendant participated in and is in some manner responsible for the acts described in this Complaint and the damage resulting therefrom.

5. Plaintiff is informed and believes, and on that basis alleges, that Spectrum and each fictitiously named Defendant has acted in concert and participation with each other concerning each of the claims in this Complaint.

6. Defendants' concerted actions and participation concerning these claims constitutes a conspiracy to unfairly compete with Plaintiff and to violate Plaintiff's rights as alleged herein.

7. Plaintiff is informed and believes, and on that basis alleges, that Spectrum and each of the other unnamed Defendants were empowered to act as the agent, servant and/or employee of each of the other Defendants and/or Spectrum, and that all of the acts alleged to have been done by each of them were authorized, approved and/or ratified by each of the other Defendants and/or Spectrum.

**JURISDICTION AND VENUE**

8. This action as hereinafter more fully appears arises under the Federal Trademark Act of 1946 (15 U.S.C. §§ 1051-1127), and is for Federal trademark infringement and Federal unfair competition. Jurisdiction for Counts 1 and 2 is based upon 28 U.S.C. §§ 1331, 1338(a) and (b) and 15 U.S.C. § 1121. Jurisdiction for

Counts 1 and 2 is also appropriate based upon 28 U.S.C. § 1332 since the parties are citizens of different states and, upon information and belief, the amount in controversy exceeds $75,000.00, excluding interest and costs.

9. Venue is proper for Counts 1 and 2 under 28 U.S.C. § 1391(b) and (c), as, upon information and belief, the claims arose, Defendants do business in this judicial district and Defendants have a principal place of business in Michigan.

## BACKGROUND OF THE CONTROVERSY

10. Plaintiff has been for many years engaged in the extensive development, advertising and marketing of motorcycle suspension products and accessories and has previously used in interstate commerce and in the State of California the trademark RACE TECH in connection with such products.

11. The United States Patent and Trademark Office on November 14, 2000 granted a federal trademark registration to Plaintiff for the trademark "RACE TECH" for motorcycle suspension products and lubricants for use thereof as Registration No. 2,403,430 (hereinafter referred to as "the RACE TECH Trademark").  A true and correct copy of said registration is attached hereto as **Exhibit 1** and is incorporated herein by reference.  Said registration, owned by Plaintiff, is in full force and effect, and has become incontestable pursuant to 15 U.S.C. § 1065.

12. Plaintiff has used and continues to use the RACE TECH Trademark in connection with motorcycle suspension products since at least as early as May 1984, and in interstate commerce since at least as early as May 1984.

13. Plaintiff has expended substantial sums of money in advertising and promoting products under the RACE TECH Trademark.

14. Plaintiff has expended significant money in advertising and promoting products and services under the RACE TECH Trademark, including but not limited to under Plaintiff's website, www.racetech.com.  A true and correct printout from Plaintiff's Website is attached hereto as **Exhibit 2**.

15. As a consequence of Plaintiff's advertising, promotion and use of the

RACE TECH Trademark, that mark has developed secondary meaning identifying the business operated by Plaintiff.

16. On or about April 14, 2014, Plaintiff sent a Cease and Desist letter to Defendants requesting amongst others that Defendants refrain from all use of the phrase RACE TECH in relation to their business affairs, or any other phrase that is confusingly similar to the RACE TECH Trademark and that it remove the phrase RACE TECH from its website, www.racertech.com A true and correct copy of this Cease and Desist letter to Defendants is attached hereto as **Exhibit 3**.

17. On or about May 20, 2014, Defendants sent a letter to Plaintiff refusing to drop the phrase "RACE TECH" from its name. A true and correct copy of this letter is attached here to as **Exhibit 4**.

18. Upon information and belief, Defendants advertise and sell motorcycle products, including suspension springs under the phrase "RACER TECH" on its website, www.racertech.com. A true and correct copy of Defendant's website is attached hereto as **Exhibit 5.**

19. Upon information and belief, prior to advertising vehicle products under the designation RACER TECH, Defendants are believed to have learned that Plaintiff advertises and sells motorcycle suspension products and accessories under the RACE TECH Trademark.

20. Defendants' use of the term RACER TECH as applied to their vehicle products creates a likelihood that a false association will be made between the goods marketed by Defendant and those of Plaintiff, and the trade and purchasing public are likely to be confused and believe that products marketed by Defendants under the name RACER TECH are in some manner connected with, produced by or sponsored by Plaintiff.

21. In view of the similarity between Plaintiff's RACE TECH Trademark, and the designation RACER TECH used by Defendants, and particularly in view of the related nature of the uses thereof (i.e., in connection with the advertising and sale

of substantially similar goods), Defendant's use of the name RACER TECH constitutes and comprises matter which may disparage and falsely suggest a connection between Defendants' goods and Plaintiff.

22. Defendants' continued use of the name RACER TECH constitutes misrepresentation of source of the goods offered in connection therewith and falsely suggest an association between the goods of Defendants and Plaintiff, which false suggestion was known to and intentionally fostered by Defendants for their commercial benefit.

23. Notwithstanding Plaintiff's well-known and prior common law and statutory rights in the RACE TECH Trademark, Defendants, with at least constructive notice of Plaintiff's federal registration rights under 15 U.S.C. § 1072, and long after Plaintiff established its rights in the RACE TECH Trademark, adopted and used the designation RACER TECH for vehicle products. Said use of Plaintiff's mark constitutes trademark infringement and causes a likelihood of confusion, deception and mistake.

## COUNT I

## **FEDERAL TRADEMARK INFRINGEMENT**

24. The allegations of Paragraphs 1-23 are repeated and realleged as if fully set forth herein.

25. This cause of action arises under the Federal Trademark Act (15 U.S.C. §§ 1051-1127) and is for trademark infringement involving the Defendants' use in commerce of the designation RACER TECH in the marketing and sales of vehicle products, including suspension springs which are an infringement of Plaintiff's registered RACE TECH Trademark in violation of 15 U.S.C. § 1114(1).

26. The United States Patent and Trademark Office on November 14, 2000 granted a federal trademark registration to Plaintiff for the RACE TECH Trademark for motorcycle suspension products and lubricants related thereto as Registration No. 2,403,430. A true and copy of said registration is attached hereto as Exhibit 1. Said

registration, owned by Plaintiff, is in full force and effect and has become incontestable pursuant to 15 U.S.C. § 1065.

27. The RACER TECH designation used by Defendants is so similar to Plaintiff's federally registered RACE TECH Trademark as to be likely to cause consumer confusion, deception and mistake.

28. Defendants' use and promotion of the RACER TECH designation has resulted in numerous instances of actual confusion between the goods of Defendants and Plaintiff.

29. On information and belief, Defendants' adoption and trademark usage of the designation RACER TECH is the result of willful copying by the Defendants of Plaintiff's RACE TECH Trademark.

30. Upon information and belief, by their acts herein complained of, Defendants have made substantial profits to which they are not equitably entitled.

31. By the aforementioned acts herein complained of, Plaintiff has suffered great detriment in a sum which cannot be ascertained at this time, but which exceeds $75,000.00, excluding interest and costs.

32. Defendants threaten to, and unless restrained, continue the acts complained of herein, all to Plaintiff's irreparable damage, and it will be extremely difficult to ascertain the amount of compensation which would afford Plaintiff adequate relief.

33. Defendants' conduct, acts and omissions complained of herein were willful and done with malice and oppression, with Defendants' knowledge and for the purpose and with the desired and actual effect of causing Plaintiff substantial damage. Plaintiff is therefore entitled to and hereby requests exemplary and punitive damages, according to proof.

## COUNT II

## FEDERAL UNFAIR COMPETITION

34. The allegations of Paragraphs 1-33 are repeated and realleged as if fully

set forth herein.

35. This is a cause of action for federal unfair competition, arising under the Federal Trademark Act (15 U.S.C. §§ 1051-1127), specifically 15 U.S.C. § 1125(a).

36. As hereinbefore alleged, Defendants have unfairly interfered with and damaged Plaintiff's rights in and to the RACE TECH trademark, and in the business and goodwill of Plaintiff conducted under and in connection with Plaintiff's RACE TECH Trademark. Thus, Defendants are engaging in unfair competition.

37. Upon information and belief, Defendants use of the designation RACER TECH, which is confusingly similar to Plaintiff's RACE TECH Trademark, is being done with willful and fraudulent purpose and with the intent of misappropriating and trading upon Plaintiff's goodwill and reputation.

38. Upon information and belief, Defendants did the things herein alleged with the intent to injure Plaintiff and its business with conscious disregard of Plaintiff's rights and with the intent to vex, injure and annoy Plaintiff.

39. Upon information and belief, by their acts herein complained of, Defendants have made substantial profits to which they are not equitably entitled.

40. By the aforementioned acts herein complained of, Plaintiff has suffered great detriment in a sum which cannot be ascertained at this time, but which exceeds $75,000.00, excluding interest and costs.

41. Defendants threaten to, and unless restrained, will continue the acts complained of herein, all to Plaintiff's irreparable damage, and it will be extremely difficult to ascertain the amount of compensation which would afford Plaintiff adequate relief.

42. Defendants' conduct, acts and omissions complained of herein were willful and done with malice and oppression, with Defendants' knowledge and for the purpose and with the desired and actual effect of causing Plaintiff substantial damage. Plaintiff is therefore entitled to and hereby requests exemplary and punitive damages, according to proof.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. Issuance of a preliminary injunction and a permanent injunction directing that Defendants, their agents and/or representatives, and all those acting in concert with them, directly or indirectly, be enjoined and restrained, at first during the pendency of this action and, thereafter, perpetually:

A. From using, in any manner such as a trademark or service mark, the designation RACER TECH, or any other term confusingly similar thereto, alone or in combination with any other word or words or design, in connection with the advertising, offering for sale or sale of any product or service;

B. From using, in any manner such as a trademark or service mark, the designation RACE TECH, or a term confusingly similar thereto, alone or in combination with any other word or words or design, in connection with the advertising, offering for sale or sale of any product or service;

C. From using any domain name, website, meta tag, or website-sponsored keywords that incorporate the words "RACE TECH" or "RACER TECH", alone or in combination with any other word or words or design, or a confusingly similar designation.

D. From passing off, inducing or enabling others to sell or pass off any product or service under or in connection with the term RACE TECH, or any term confusingly similar thereto;

E. From using in any manner a logo design having a configuration and appearance confusingly similar to the configuration and appearance of the design element of the RACE TECH Trademark as used by Plaintiff;

F. From committing any acts calculated to cause purchasers to believe any goods or services of Defendants are sponsored by, approved by, connected with, guaranteed by or offered or sold by Plaintiff, or under the control or supervision of Plaintiff;

  G. From otherwise unfairly competing with Plaintiff in any manner; and

  H. From directly or indirectly offering, providing, advertising or promoting goods/services under the designation RACE TECH alone or in combination with any other word or words or design, or any term of phrase confusingly similar thereto.

 2. That Defendants assign to Plaintiff all rights and ownership of the domain name www.racertech.com

 3. That Defendants within thirty (30) days after serving of judgment, with notice of entry thereof upon it, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner in which Defendants have complied with Paragraphs 1, <u>supra</u>.

 4. That Defendants account for and pay over to Plaintiff all damages suffered by Plaintiff and profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, with the amount of damages of infringement to be increased pursuant to the provisions of 15 U.S.C. § 1117(a).

 5. That Defendants be required to pay Plaintiff's costs and disbursements in this action, including its reasonable attorneys' fees, as set forth in 15 U.S.C. § 1117(a).

 6. That Plaintiff be awarded pre-judgment interest on all profits and damages granted by this Court pursuant to 15 U.S.C. § 1117(a).

 7.

 8. That the Court award reasonable attorneys' fees to Plaintiff.

 9. That the Court award exemplary and/or punitive damages to Plaintiff.

 10. That Plaintiff have and recover the costs and disbursements of this civil action.

 11. That Plaintiff have such other and further relief as the Court may deem just and proper.

| | | |
|---|---|---|
| Dated: July 18, 2014 | | STETINA BRUNDA GARRED & BRUCKER |

By: /s/Matthew A. Newboles
    Matthew A. Newboles
    Attorneys for Plaintiff
    PAUL THEDE'S RACE TECH, INC.

## DEMAND FOR JURY TRIAL

Plaintiff, Paul Thede's Race Tech, Inc. hereby demands a jury trial in this action.

Dated: July 18, 2014  STETINA BRUNDA GARRED & BRUCKER

By: /s/Matthew A. Newboles
Matthew A. Newboles
Attorneys for Plaintiff
PAUL THEDE'S RACE TECH, INC.